**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 03-4963**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FELIPE AURELIO HERNANDEZ,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg.  Samuel G. Wilson, Chief District Judge.  (CR-02-30046)

───────────

Submitted:  August 30, 2004       Decided:  September 17, 2004

───────────

Before NIEMEYER, WILLIAMS, and TRAXLER, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Frederick T. Heblich, Jr., FREDERICK T. HEBLICH, JR., P.C., Charlottesville, Virginia, for Appellant. John L. Brownlee, United States Attorney, William F. Gould, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Felipe Aurelio Hernandez pled guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine and was sentenced to 240 months of imprisonment. Hernandez raises two issues on appeal. He argues that the district court erred: (1) by denying his motion to withdraw his guilty plea and (2) in its determination of the amount of drugs for which he was held responsible at sentencing. For the reasons that follow, we affirm.

We find that the district court did not abuse its discretion in denying Hernandez's motion to withdraw his guilty plea. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). The court properly conducted Hernandez's plea hearing under Fed. R. Crim. P. 11. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995). In addition, the court carefully and correctly analyzed the motion, using the relevant factors articulated in this Court's opinion in United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Accordingly, this claim is without merit.

The court did not clearly err in determining the quantity of drugs attributable to Hernandez for sentencing purposes. United States v. Randall, 171 F.3d 195, 210 (4th Cir. 1999). The court's drug quantity findings were supported by testimony at the sentencing hearing, United States v. Falesbork, 5 F.3d 715, 722 (4th Cir. 1993), and by amounts listed in the presentence report.

<u>United States v. Love</u>, 134 F.3d 595, 606 (4th Cir. 1998). Accordingly, this claim fails.

Hernandez has moved for leave to file a supplemental brief addressing the impact of <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), on this case. The motion is both granted and deemed to be the supplemental brief. In light of our recent order in <u>United States v. Hammoud</u>, No. 03-4253, 2004 WL 1730309 (4th Cir. Aug. 2, 2004) (order), <u>petition for cert. filed</u>, __U.S.L.W.__, (U.S. Aug. 6, 2004) (No. 04-193), relief under <u>Blakely</u> is denied.

Accordingly, we affirm Hernandez's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>